UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YTB TRAVEL NETWORK OF ILLINOIS, INC., and YTB MARKETING, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>KENT McLAUGHLIN, KIMBERLY McLAUGHLIN, WILLIAM HOFFMANN, JACQUES JOHNSON, and LYNETTA JOHNSON,<br><br>Defendants. | Case No. 09-369-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' notice of removal. On May 7, 2009, Plaintiffs YTB Travel Network of Illinois, Inc., and YTB Marketing, Inc., filed a complaint in the Circuit Court of the Third Judicial Circuit of Madison County, Illinois, against Defendants Kent McLaughlin, Kimberly McLaughlin, William Hoffman, Jacques Johnson, and Lynetta Johnson. On May 15, 2009, Defendants filed a notice of removal, relying upon this Court's diversity jurisdiction under 28 U.S.C. § 1332. This Court has an independent duty to ensure the existence of subject matter jurisdiction. *Hammes v. Aamco Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994). The Seventh Circuit Court of Appeals directs this Court to make a rigorous initial review to ensure jurisdiction has been properly pled. *See, e.g., America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992).

Federal courts have jurisdiction over civil actions between citizens of different states. *See* 28 USC § 1332. However, litigants must properly plead diversity jurisdiction, and not simply assert that it exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). When one party is a corporation, both the state of incorporation and the state of its principal place of business must be identified in a pleading alleging diversity jurisdiction. *Id.*, citing Cir. R. 28(a)(1). Defendants merely alleged that YTB Travel Network of Illinois, Inc. "is an Illinois corporation with its registered office in Madison County, Illinois."

Additionally, the citizenship of parties who are natural persons must be identified for diversity jurisdiction to be established. *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1992), citing *Gilbert v. David*, 235 U.S. 561, 569 (1915). The Seventh Circuit Court of Appeals has repeatedly stated that "allegations of *residence* are insufficient to establish diversity jurisdiction." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (emphasis added). Consequently, when a litigant asserts diversity jurisdiction exists, citizenship (and not residence) must be alleged. *See McMahon v. Bunn-O-Matic-Corp.*, 150 F. 3d 651, 653 (7th Cir. 1998). "It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'" *Held*, 137 F.3d at 1000 (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assoc.*, 101 F.3d 57, 58 (7th Cir. 1996)). Defendants only alleged the residence of Defendants Kent McLaughlin, Kimberly McLaughlin, William Hoffmann, Jacques Johnson, and Lynetta Johnson. Therefore, Defendants did not sufficiently establish diversity jurisdiction in the notice of removal.

Accordingly, the Court **ORDERS** that the defendants shall have **fifteen (15) days** from the entry of this order, in which to amend the notice of removal and correct these and *any other* jurisdictional defects. *See Tylka v. Gerber Products Co.*, 211 F.3d 445, 448 (7th Cir. 2000). If the defendants fail to do so, the Court will dismiss the action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**
**DATED: May 27, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**