IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YTB TRAVEL NETWORK OF ILLINOIS, INC. and YTB MARKETING, INC., <br><br>Plaintiffs, <br><br>v. <br><br>KENT McGLAUGHLIN, KIMBERLY McGLAUGHLIN, WILLIAM HOFFMAN, JACQUES JOHNSON and LYNETTA JOHNSON, <br><br>Defendants. | Case No. 3:09-CV-369-JPG |

## ORDER

Currently pending before the Court is Plaintiffs' Motion to Strike Defendants' Counterclaims or, in the alternative, for a More Definite Statement Pursuant to FED R. CIV. P. 12(e) and (f). For the reasons set forth below, the motion (Doc. 24) is **DENIED**.

### BACKGROUND

Plaintiffs are an online, multi-level international travel business. Plaintiffs train, support, and recruit Referring Travel Agents ("RTAs") throughout the United States and internationally to sell travel packages, airline tickets, and other service through their online stores. Plaintiffs employ Independent Marketing Representatives ("REPs") to recruit RTAs and other REPs. An REP who has successfully recruited a significant number of RTAs and other REPs may become a Director, who receives bonuses based on enrollment of RTAs and REPs they recruited. Directors must enter into a Director Agreement which contains, *inter alia*, exclusivity, non-solicitation, and confidentiality provisions. Plaintiffs allege Defendants breached their Director Agreements by violating these provisions. They seek injunctive relief.

United States District Judge J. Phil Gilbert granted Plaintiffs' Motion for a Preliminary Injunction and denied the Defendants' Motion to Dismiss on June 9, 2009 (Doc. 17). On June 15, 2009, Defendants filed an answer to the complaint (Doc. 22) raising the following counterclaims:

10. Plaintiffs have breached the "Director Agreement" with Defendants in that Plaintiffs have failed to comply with the terms and conditions relating to the payment of bonuses and commissions to Directors, more specifically the terms and conditions set forth in **Section 2. DIRECTOR BONUS** provision of the "Director Agreement."

11. Plaintiffs have breached the "YTB Rep Director Bonus Program" Agreement which is incorporated into the "Director Agreement" as Exhibit "A" in that the Plaintiffs have failed to comply with the terms and conditions of **Section 3. DIRECTOR ACHIEVEMENT LEVEL BONUSES** provision of the "YTB Rep Director Bonus Program" of the "Director Agreement."

15. Plaintiffs have breached the "Rep Policies and Procedures Agreement" with Defendants in that Plaintiffs have failed to comply with the terms and conditions of **Section 7. BONUSES AND COMMISIONS** provision of the "Rep Policies and Procedures Agreement."

16. Plaintiffs have breached the "Rep Policies and Procedures Agreement" which is attached as Exhibit "D" to the Plaintiffs' Complaint in that Plaintiffs have failed to pay commissions to Counterclaim Plaintiffs in accordance with the **Compensation Plan** set forth in the "Rep Policies and Procedures Agreement."

21. Plaintiffs breached the "RTA Policies and Procedures Agreement" in that Plaintiffs failed to pay commissions to Counterclaim Plaintiffs in accordance with the commission structure referenced in **Section 7. BONUSES AND COMMISIONS**.

In the Motion to Strike the Counterclaims or for a More Definite Statement, Plaintiffs allege that Defendants' counterclaims are impermissibly vague and ambiguous and, thus, Plaintiffs are unable to respond. More specifically, Plaintiffs assert that Defendants' counterclaims do not identify the individual claims or damages sought by each individual Defendant and that it is impossible to ascertain from the pleading the injury alleged by the Defendants (Doc. 24). In response, Defendants maintain that their counterclaims comply with

FED. R. CIV. P. 8(a)(2) which requires a pleading to "contain a short and plain statement of the claim showing that the pleader is entitled to relief" (Doc. 25).

### ANALYSIS

The Federal Rules of Civil Procedure require only that a pleading provide "a short and plain statement of the claim showing that the pleader is entitled to relief." **Fed.R.Civ.P. 8(a)(2).** "Specific facts are not necessary; the statement must only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, **551 U.S. 89, 93 (2007) (citing** *Bell Atlantic Corporation v. Twombly*, **550 U.S. 544, 555 (2007))**.  The complaint must, however, "actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges v. Gilbert*, **557 F.3d 541, 546 (7th Cir. 2009) (quoting** *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Fin. Servs., Inc.*, **536 F.3d 663, 667 (7th Cir. 2008)).**  It must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, **550 U.S. at 570**.  The number of facts required depends on the type of case. *Limestone Development Corp., v. Village of Lemont, Illinois*, **520 F.3d 797, 803 (7th Cir. 2008).**

*Motions to Strike*

The Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. **FED. R. CIV. P. 12(f);** *Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, **554 F.3d 1133, 1141 (7th Cir. 2009)**. Motions to strike are disfavored, however, and will generally be denied unless the portion of the pleading at issue is prejudicial. *Heller v. Fin., Inc. v. Midwhey Powder Co., Inc.*, **883 F.2d 1286, 1294 (7th Cir. 1989);** *Tektel, Inc. v. Maier*, **813 F.Supp. 1331, 1334 (N.D. Ill. 1992) ("Motions to strike under Federal Rule 12(f) are not favored, and are usually denied unless the language in the pleading has no possible relation to the controversy and is clearly**

**prejudicial.").** Prejudice results, for instance, "where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party." ***Cumis Ins. Soc., Inc. v. Peters*, 983 F.Supp. 787, 798 (N.D. Ill. 1997).** The determination whether to strike material under Rule 12(f) is within the discretion of the trial court. ***Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 665 (7th Cir. 1992).**

*Motions for More Definite Statement*

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement of a claim when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." The motion must "point out the defects complained of and the details desired." "Encouraging a plaintiff to plead what few facts can be easily provided and will clearly be helpful serves to expedite resolution by quickly alerting the defendant to basic, critical factual allegations (that is, by providing 'fair notice' of the plaintiff's claim)." ***EEOC v. Concentra Health Servs. Inc.*, 496 F.3d 773, 779-780 (7th Cir. 2007).** It is enough to name the plaintiff and the defendant, state the nature of the grievance and give a few details that will let the defendant investigate. ***Id. See also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512-13 (2002)*; McDonald v. Household International, Inc.,* 425 F.3d 424, 427-28 (7th Cir.2005)*.** The Seventh Circuit considers Rule 12(e) one of several "tools" the district court may use to require additional specificity in a pleading. ***Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003).**

A breach of contract claim in Illinois has four elements: (1) the existence of a valid and enforceable contract; (2) the plaintiff's performance; (3) the defendant's breach; and (4) the plaintiff's resulting injury. ***Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001).** The Court believes Defendants' counterclaims allege enough facts to state a breach of contract claim in the state of Illinois. First, Defendants' counterclaims allege the existence of a valid and

enforceable contract. Second, Defendants' counterclaims implicitly allege their compliance with the terms of the contract. Third, Defendants' counterclaims specifically cite the section of the agreement Plaintiffs allegedly breached. Finally, Defendants' seek payment of commissions due as a proximate result of the Plaintiffs' alleged breach of contract.

The Court finds, within its discretion, that the Defendants' counterclaims should not be stricken pursuant to Rule 12(f). They do not contain redundant, immaterial, impertinent, or scandalous matters. The Court also finds that Plaintiffs will suffer no prejudice in having to respond to the counterclaims. The counterclaims are not so confusing or complex that Plaintiffs face an undue burden in responding.

The Court also finds it unnecessary for Defendants to provide a more definite statement of its counterclaims pursuant to Rule 12(e). That portion of the rule is directed at the rare case where, because of the vagueness or ambiguity of the pleading, the answering party does not have a sufficient basis to frame responsive pleadings. *Concentra Health Servs. Inc*, **496 F.3d at 780**. This is not that rare case. The counterclaims provide a sufficient basis for Plaintiffs to respond with a simple denial, in good faith, without prejudice.

Accordingly, Plaintiffs' Motion to Strike Defendants' Counterclaims or, in the alternative, for a More Definite Statement (Doc. 24) is **DENIED.**

**IT IS SO ORDERED**.

**DATED: March 5, 2010**

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**